Curran, Dennis J., J.
PROCEDURAL BACKGROUND
The plaintiff Jose Ortiz has filed a motion for judgment on the pleadings in which he seeks judicial review of a decision by the Commonwealth’s Department of Housing & Community Development affirming a decision by the Millis Housing Authority which denied him a rental voucher application.
Mr. Ortiz had been convicted of distribution of a Class A controlled substance (two counts), trafficking in heroin, possession of a firearm without a permit (two counts), and possession of a Class B controlled substance. (See Administrative Record, pages 43 and 44.) Although these offenses are alleged to have occurred in 2002, Mr. Ortiz defaulted on these charges on July 15, 2003 and again on October 1, 2004. Ultimately, after a jury trial, he was convicted in May 2007, and served a probation term of several years during which he was found to have violated his probation in November 2009. His probation term finally ended about 18 months ago, on March 9, 2011. Id.
*495 After reviewing the moving and opposition papers and a hearing, Mr. Ortiz’s motion must be DENIED.
DISCUSSION
Substantial evidence, as defined in G.L.c. 30A, section 1(6), exists to support the Department’s decision. A hearing was conducted before an officer to determine, inter alia, whether, given the passage of time since the drug dealing and firearms convictions, Mr. Ortiz was unlikely to re-offend. Mr. Ortiz was entitled to, and did, indeed, proffer substantial evidence of his mental and physical conditions on the theoiy that he was unlikely to reoffend. The hearing officer was placed in the position of determining credibiliiy. She disagreed, based on all the evidence, and made, as she was obliged, credibility determinations. The hearing officer specifically noted that the drug trafficking and two attendant firearms criminal convictions were not recent, but also considered — as she was required — that such crimes, in a legal sense “. . . implicate the ’’health safely, and security of others or . . . the security of the property of others." Euphemistically speaking, she was bound to consider whether Mr. Ortiz would cause “. . . disruption and inconvenience” to the tenants and others at the Millis Housing Authority. See 760 C.M.R. 5.08(2). In a street-sense, she was duty bound to consider whether Mr. Ortiz, who had been found by another Court to have committed very serious crimes, and who was also found to have violated his drug conviction and firearms probation terms less than three years ago, would set up a drug dealing operation (with its attendant potential violence as evidenced by his past gun law convictions) directly among the residents in publicly-subsidized housing.
These considerations are not merely academic.
The department hearing officer was bound to consider, and did consider, “the greater the degree of danger, if any, to the health, safety and security of others . . . the greater must be the strength of the showing that a recurrence of behavior, which would have been disqualifying, will not occur in the future.” Mr. Ortiz was obliged to produce evidence that he would not re-offend, particularly in light of the gravity of his past convictions. He testified at the hearing, and the hearing officer was entitled to weigh, and did weigh, by her decision, his testimony. She made credibility determinations which this Court is loathe to ignore. She concluded that the passage of time here was not sufficient to outweigh the severity of Mr. Ortiz’s criminal convictions.
Mr. Ortiz’s evidence of his physical and mental conditions, although obviously mitigating factors (and determined so by the hearing officer), do not operate as a guarantee of public safety. To the contrary, they are sometimes used by a criminal defendant (and regrettably, by other manipulators) to mask or shield criminal behavior.
The department’s hearing officer’s decision was neither arbitrary, capricious, nor did her decision fail to comply with applicable housing regulations. To the contrary, the evidence and the law warrants and supports her finding, her decision should be upheld.
ORDER
For these reasons, the plaintiffs motion for judgment on the pleadings is DENIED, and judgment shall enter forthwith for the defendants.